OPINION
Van C. Patterson entered pleas of guilty, pursuant to an information, to two counts of rape involving a child under the age of thirteen, one count of attempted rape involving a child under the age of thirteen, one count of gross sexual imposition involving a child under the age of thirteen, and one count of corruption of a minor. The rape, attempted rape and gross sexual imposition counts involved an eight-year-old girl. The corruption of a minor count involved a thirteen-year-old girl. Patterson was sentenced to a total of seventeen years incarceration and determined by the court to be a sexual predator.
Patterson, by counsel, filed a notice of appeal, and on March 23, 2000, Patterson's appellate counsel filed an Anders brief pursuant to Anders v. California (1967), 386 U.S. 738, indicating that he could find no meritorious issues to appeal. On March 24, 2000, we notified Patterson that his counsel had filed an Anders
brief and gave him sixty days from March 24, 2000 to file a pro se
brief assigning any errors for review by this court. Patterson has not filed a brief with us.
Patterson's appellate counsel's "possible assignment of error" is that "the trial court erred in ruling that appellant was a sexual predator when the determination was not based upon clear and convincing evidence."
Trial counsel for Patterson stipulated the psychological evaluation conducted by Dr. Susan Perry-Dyer and the presentence investigation report. It was primarily on the basis of this information that the trial court determined that Patterson was a sexual predator. We have reviewed this information as well as the entire record, and we are satisfied that the court could have reasonably concluded that the evidence established that Patterson was a sexual predator, and that the evidence supporting this determination was clear and convincing.
We have further examined the record pursuant to our obligation to do so pursuant to Anders, and we agree with the assessment of appellate counsel that there are no other arguably meritorious issues for appeal.
Accordingly, the judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.